UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OVERILLE DENTON THOMPSON, JR., INMATE #2425321, | § § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. H-15-3025 |
| SUSAN BROWN, | § § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Plaintiff, currently in custody at the Harris County Jail awaiting trial on multiple felony charges, has filed this section 1983 lawsuit *pro se* against the trial judge in his criminal case. (Docket Entry No. 1). Based on a careful review of the complaint pursuant to 28 U.S.C. § 1915A(a), the Court **DISMISSES** this lawsuit as frivolous and for failure to state a claim as outlined below.

**I. Background**

Plaintiff has recently filed numerous lawsuits challenging the methods and manner of the search which led to his arrest and alleging various complaints against prosecutors, a homicide detective, police officers, two police departments, his appointed counsel, and a witness involved in his four pending criminal charges.[1] Public court records show that Plaintiff is awaiting trial on felony charges for murder, felon in possession of a firearm, possession of a controlled substance with intent to deliver, and manufacturing a controlled substance with intent to deliver.[2]

---

[1] Plaintiff's recently filed federal cases include, *inter alia*, *Thompson v. Nicholas*, Civil No. H-15-3020 (S.D. Tex. Oct. 15, 2015); *Thompson v. Waters et al.*, Civil No. H-15-3010 (S.D. Tex. Oct. 15, 2015); *Thompson v. Anderson et al.*, Civil No. H-15-3019 (S.D. Tex. Oct. 15, 2015); *see also Thompson v. Daniels*, Civil No. H-15-3003 (S.D. Tex., filed Oct. 13, 2015).

[2] *See* Harris County District Clerk Court website, *available at*

In the present lawsuit, Plaintiff attempts to bring a section 1983 claim against the Honorable Susan Brown, the presiding judge of the 185th Judicial District Court of Harris County, who is presiding over his criminal case. He seeks $8 million in damages for defendant's alleged abuse of discretion by allegedly keeping Plaintiff unfairly and unlawfully confined. (Docket Entry No. 1 at 4).

## II. Analysis

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case without service of process if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.*; *see also* 28 U.S.C. § 1915A. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff's claims against Judge Brown fail as a matter of law because judges are entitled to absolute immunity from claims arising out of acts performed in the exercise of their judicial functions. *See Stump v. Sparkman*, 435 U.S. 349, 355 (1978); *Boyd v. Biggers* 31 F.3d 279, 284 (5th Cir. 1995); *see also Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireles v. Waco*, 502 U.S. 9, 9 (1991). Allegations of bad faith do not overcome judicial immunity, *id.*, and

---

http://www.hcdistrictclerk.com/Edocs/Public/search.aspx (last visited on October 19, 2015).

neither do allegations of procedural errors. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Judicial immunity is overcome only when the complained-of acts were not taken in the judge's judicial capacity, or when they were taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11–12.

Plaintiff generally alleges that Judge Brown is "refus[ing] to obey the writ" of habeas corpus by keeping him confined and that she knows the "falsity" of the accusations against him and uses those accusations "to affect the course or outcome of the pending official proceeding" against him. Docket Entry No. 1 at 4 of 6. There is no indication or allegation that any writ of habeas corpus has been issued to compel Judge Brown to release Plaintiff, nor is there any indication that any of the charges brought against Plaintiff have been invalidated by a court. Plaintiff solely complains of acts Judge Brown has taken as the presiding judge in his criminal prosecution for which she enjoys judicial immunity. Therefore, Plaintiff's claims against Judge Brown must be dismissed. *See Mireles*, 502 U.S. at 11-12.

### III.  CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

2. Officials in charge of inmate trust funds at the Harris County Jail are **ORDERED** to deduct funds from the account of Overille Denton Thompson Jr. (Inmate #2425321) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice under 28 U.S.C. § 1915A(b).

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court**

**for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.**

The Clerk of Court will provide a copy of this Order to all the parties of record.

SIGNED at Houston, Texas, this 5th day of November, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE